**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOEL LEVIN, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>BOARD OF EDUCATION OF THE CITY )<br>OF CHICAGO, a municipal corporation; )<br>COOK COUNTY d/b/a CERMAK HEALTH )<br>SERVICES, a division of COOK COUNTY )<br>a municipal corporation, )<br>)<br>    Defendants, ) | No.:   05 C 1729<br><br>Judge John F. Grady |

**PLAINTIFF'S RESPONSE TO DEFENDANTS, BOARD OF EDUCATION AND COOK COUNTY'S MOTIONS TO DISMISS PLAINTFF'S FOURTH AMENDED COMPLAINT**

NOW COMES the Plaintiff, JOEL LEVIN (LEVIN), by his attorneys, The Law Offices of Albert F. Ferolie, P.C., and in response to the Defendants, BOARD and COUNTY's Motions to Dismiss his Fourth Amended Complaint, states as follows:

Plaintiff's Fourth Amended Complaint merely elaborates and details causes of actions already recognized as valid by this court in its prior ruling. Plaintiff, in Counts I & II of his Fourth Amended complaint alleges both common law and constitutional grounds for causes of actions pertaining to the unauthorized disclosure of medical information to the public.

On December 20th, 2005, this court ruled, in the attached written opinion, that Plaintiff had properly and correctly stated certain causes of action based on his original

1

complaint and First Amended Complaint (Exhibit A). Specifically, this court stated that Plaintiff's STATE law claims for *public disclosure of private facts, intrusion upon seclusion and loss of privacy under Illinois common law* were all allowable in Count I **against both Defendants** pertaining to the Plaintiff's TB screening (that screening occurred in 2004) . The Court stated, "Defendants present no argument for dismissal of the state-law tort claims based on the tuberculosis screening; thus those claims will not be dismissed (Exhibit A, Memorandum Opinion at p. 7)."

In Plaintiff's Fourth Amended Complaint, he again asserts claims for *public disclosure of private facts, intrusion upon seclusion and loss of privacy under Illinois common law* but limits that action to the screening in 2004 (paragraphs 1-18 of Plaintiff's Fourth Amended Complaint). Plaintiff is not asserting any state law claims for the TB screening in 2005 (paragraphs 19-37 of Plaintiff's Fourth Amended Complaint), but rather that screening, the 2005 screening, is directed toward Section 1983 violations.

The COUNTY and BOARD again argue in their motions to dismiss Plaintiff's Fourth Amended Complaint that the Plaintiff's *own* actions, both in the 2004 screening **and** the 2005 screening prevent him from alleging **both** the state-law claims (for the 2004 screening) and the Section 1983 claims (for the 2004 and 2005 screenings). This however, is a matter of proof not a matter for the bare allegations in a motion to dismiss. In other words, what the Defendants are arguing, **as a bar** to Plaintiff's privacy actions (both the 2004 and 2005 screenings) pled in Count I, MAY be a *defense* at trial for the County and or the Board, but certainly does not represent…cannot represent…a basis for dismissal under a motion to dismiss, especially when this court has already ruled that

2

Plaintiff's causes of actions arising from the TB screening of 2004 are validly pled. "Plaintiff alleges that by virtue of the dissemination of the meningitis memorandum **and the manner in which the tuberculosis screening was conducted, his personal medical information was disclosed to others or he was forced to disclose it to others** and his constitutional right to privacy was thereby violated (emphasize added)." Memorandum Opinion at pps 7-8.

The only difference between what the court held valid in Plaintiff's *original* complaint filed by Plaintiff regarding the TB screening in 2004 and the TB screening in 2005 alleged in the Fourth Amended Complaint, is that, once again, like in 2004, the Plaintiff was forced to undergo another TB screening which was flawed in its procedure. Plaintiff alleges that once again, THE MANNER in which this screening was conducted was a violation of his 1983 protections (plaintiff's Fourth Amended Complaint, paragraphs 19-37). Whether or not Plaintiff submitted or didn't submit to the screening is irrelevant. What is relevant and wrongful is the *procedure alleged* by the Plaintiff in both the 2004 and 2005 screening **and** that procedure which was conducted, administered and or controlled by each of the Defendants. The violation of the Plaintiff's privacy rights occurred in the establishment and implementation of the procedure and the Plaintiff's forced participation in that procedure…whether it was the 2004 or the 2005 screening.

The BOARD and the COUNTY also allege the claims pertaining to the 2004 and 2005 screening should be dismissed because there is a pleading deficiency regarding stating a cause of action for either the state law privacy claims and/or the constitutional violations. The Defendants' wrongfully allege that the Plaintiff did not "disclose" certain facts but rather refused to participate in an exam for the 2004 screening and that the

3

plaintiff was merely asked to sit down and not participate in the 2005 screening and that even if certain medical information was disclosed, it was his (the Plaintiff's) "subjective" belief that his colleagues concluded the information about his personal medical information (Defendant's Board's Motion to dismiss at pps5, 6; Defendant County's Motion to dismiss at pps. 4-6).

Again, this court has already rejected these arguments by holding that a cause of action was stated by Plaintiff by his alleging, "*the manner* in which the tuberculosis screening was conducted," either in the 2004 screening or the 2005 screening was improper. It is the same allegations for both screenings. The Plaintiff was forced to disclose his personal medical information due to the Defendants' established and wrongful procedures.

In addition, the "arguments" proffered by the Defendant Board and County again are, again, fact issues, not pleading issues. For example, the assertions by the Defendant Board that it is commonplace for patients to be asked to complete forms in waiting areas of doctors' offices or alleging that the plaintiff could have been sent to his seat for reasons other than having previously contracted TB are fact issue for a trier of fact to determine. They are not "facts" to be used in a motion to dismiss where the standard is to accept all well pled facts as true. What the Defendants are arguing pertaining to various interpretations of Plaintiff's actions are, at best, potential defenses which must be proved by the Defendants at trial to be of any use to them.

In Count I, Plaintiff pleads a systemic problem with two medical screening procedures, conducted, facilitated and performed by each of the Defendants which violated both his Section 1983 and state common law rights of privacy at the 2004

screening and his Section 1983 rights at the 2005 screening. As such, Defendants' motions should be denied.

The Board also raises the exclusivity argument regarding the Workers Compensation Act (WCA) to dismiss Plaintiff's counts. The WCA is limited to bodily injury sustained from work related accidents. **Valentino v. Hiquist**, 337 Ill. App. 3d 461 (1st Dist. 2003); **Toothman v. Hardee's Food Systems, Inc**., 304 Ill. App. 3d. 521 (5th Dist. 1999). The actions pled by this Plaintiff against this employer mandatorily placed him in a situation where his *privacy rights* were allegedly being violated. In Counts I and II, the allegations involve the dissemination of his private medical conditions. These are **not** the type of actions which are covered or intended to be covered by the WCA . **Id.** These are personal causes of action for privacy and constitutional violations, NOT claims for compensation due to injuries caused at the work place. As such, the exclusivity clause is inapplicable in this case.

Pertaining to the dissemination of the meningitis information contained in Count II, this court held in Plaintiff's original complaint, that Plaintiff had a constitutional right to privacy in his medical information and that under the facts alleged in his original complaint…did just that, "**Plaintiff alleges that by virtue of the dissemination of the meningitis memorandum** and the manner in which the tuberculosis screening was conducted, **his personal medical information was disclosed to others** or he was forced to disclose it to others, and his constitutional right to privacy was thereby violated (emphasize added).(Memorandum Opinion at pps. 7-8)" "The Supreme Court has

5

recognized a constitutional right to information privacy under the Fourteenth Amendment, **Whalen v. Roe**, 429 U.S. 589 (1977), although its contours are fuzzy and continue to be refined, see **Denius v. Dunlap**, 209 F 3d 944, 955-56 (7th Cir.2000). In any event, the Seventh Circuit has held that there is a "clearly established 'substantial right' of privacy in medical records and communications. **Denius**, 209 F3d 956." (Memorandum Opinion at p. 7). That is precisely what the Plaintiff has alleged in his Fourth Amended Complaint, however with *additional* facts that he *subsequently* became aware of (subsequent to the original filing of his complaint) and these facts should be found to state a cause of action for a violation of Section 1983 in Count II…again.

However, the Board asserts three erroneous arguments for dismissal of Count II. First, the Board argues that the memorandum does not identify the Plaintiff. Secondly the Board argues that the medical condition of the Plaintiff was not identified and thirdly they argue that the information contained in the local school council minutes is required by state law. All of these agreements are insufficient for dismissal. Plaintiff has attached as Exhibits C & D to his Fourth Amended Complaint additional examples of the Defendant's dissemination of Plaintiff's private medical information. These **PUBLIC** documents, when read together with the original "meningitis" memorandum disseminated to all of the Plaintiff's co-employees, arguably and reasonably can lead one to conclude that the Plaintiff's private medical information was wrongfully disclosure.

The Plaintiff alleges that the information pertaining to him, when taken as a whole and viewed with all of the attached documents in place, was disseminated by internal

6

memorandum to all the Board employees at his school constitutes a "practice and custom" pervasive enough to satisfy Section 1983 pleading requirements. However, in addition to the memorandum, Plaintiff enumerates the specific policy, practices and/or procedures committed by the Board in further violation of the Plaintiff's Section 1983 rights by the Board's dissemination of the employees' private medical information NOT ONLY THROUGH internal memorandums but also through Exhibit C to Plaintiff's Fourth Amended Complaint which is the **explicit** dissemination of the Plaintiff's name and private medical information at a mandatory professional development meeting, wherein Joel Levin's medical condition and name was **explicitly** part of the written agenda for presentation at an employee-wide meeting. *Adding to this* is Exhibit D to Plaintiff's Fourth Amended Complaint which is the dissemination of the Plaintiff's and other Board-employees' personal medical information by inclusion of said information in the "principal's reports" which were incorporated on a systematic and regular basis into the Local School Council Minutes and are in turn kept for public disclosure at the Chicago Public School's Area Office.

    These three ways demonstrate a specific, pervasive and systemic wide disclosure of private medical facts and information of the Board's employees and specifically pertaining to Plaintiff. The dissemination of Plaintiff's and others private health information involves several levels of Board hierarchy, utilized official Board documents and included group discussions conducted at an official Board professional development day as well as at official Local School Council Meetings.

    In Count II is pled three types of the same medical information, pertaining to the same employee regarding the same illness all publicly disseminated and having the

7

combined effect of violating Plaintiff's constitutional right to keep his medical information private. Count II alleges that Section 1983 was violated in the various disseminations identified.

In addition, Plaintiff pled that in April of 2006, he first became aware of the dissemination of his medical condition at an employee-wide meeting in November, 2002 and that he first became aware of the existence of the Local School Council Minutes in February of 2006. The "discovery" of these two additional examples of private medical information being disseminated to the public without the permission of the Plaintiff constitutes additional STATE LAW claims that are properly filed within one year **from their discovery**.

As such, Plaintiff contends in Count II, that not only has he alleged a cause of action under Section 1983 (as this court found in its memorandum and has been previously argued herein) but that he has also stated a cause of action for state law claims under intrusion of seclusion and public disclosure of private facts for the *discovery* of the agenda (Exhibit C to Plaintiff's Fourth Amended Complaint) and the minutes to the Local School Council Meeting (Exhibit D to Plaintiff's Fourth Amended Complaint) and the subsequent filing of this Fourth Amended Complaint within one year of said discovery.

WHEREFORE the Plaintiff, JOEL LEVIN (LEVIN), by his attorneys, The Law Offices of Albert F. Ferolie, P.C., for the aforementioned reasons, request that this court deny the Defendants, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a municipal corporation (BOARD); COOK COUNTY, a municipal corporation, (COUNTY) Motion to Dismiss his Fourth Amended Complaint.

Respectfully submitted,

/s/Albert F. Ferolie

The Law Offices of Albert F. Ferolie, P.C.
218 N. Jefferson Street
Suite 401
Chicago, Il. 60661
312-715-0255